# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Darlene Creaturo, | ) | |
| | ) | C.A. No.: 2:17-cv-215-PMD |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| D.R. Horton, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Darlene Creaturo's motion to reconsider (ECF No. 52). For the reasons set forth herein, Plaintiff's motion is denied.

## DISCUSSION

Plaintiff contends that the Court improperly relied on a CSME document as support for its conclusion that there was an opening in the silt fence at issue in this case. The Court disagrees. As set forth in the Court's April 24 Order, there is a dispute between the parties as to whether there was an opening in the silt fence at the time of Plaintiff's accident. In the Court's view, that question is dispositive under South Carolina law because the silt fence was an open and obvious condition. However, as expressed in *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361 (S.C. 1991), South Carolina has adopted the Restatement (Second) of Torts § 343A. Under that section of the Restatement, a possessor of land can still be liable to an invitee for an open and obvious condition if the possessor should anticipate the harm despite the obviousness of the condition.

As discussed in the April 24 Order, Plaintiff is a real estate agent. Her client was under contract to purchase a new townhome located at 1646 Bridwell Lane, and while the property was still under construction she and her client attended an inspection of the townhome. Plaintiff apparently stepped over the silt fence on the way to the meeting without incident, but tripped and

fell when she tried to step over it on her way back to her vehicle. Because the silt fence was an open and obvious condition, the only way Plaintiff can hold Defendant liable for her injuries is if Defendant should have anticipated that Plaintiff would have to step over the silt fence for ingress and egress to the property. Because the Court concluded that there was an opening in the silt fence, and that there was no genuine issue of material fact on that point, it held that Defendant was entitled to summary judgment.

The CSME document that the Court referenced in its Order states that Defendant's contractors cut a driveway break on the same day the silt fence was installed. That CSME document naturally applies to 1646 Bridwell Lane, which is the townhome Plaintiff's client purchased. According to Plaintiff, however, there is no driveway at 1646 Bridwell Lane. Instead, the only driveway is located in front of the attached townhome at 1648 Bridwell Lane. Plaintiff argues that because there was no driveway at 1646 Bridwell Lane, the CSME document does not blatantly contradict her testimony and she is therefore entitled to survive summary judgment. The Court disagrees.

As noted by Defendant in its response to the instant motion, the driveway referenced in the CSME document refers to the opening in the silt fence in front of 1648 Bridwell Lane because only one driveway was ever intended to be cut for the attached townhomes. Plaintiff does not dispute this in reply. The fact of the opening in front of 1648 Bridwell Lane is further supported by the photographs Plaintiff introduced as exhibits in her response to Defendant's summary judgment motion. Those photographs, taken the day after the accident, show a cut in the silt fence in front of 1648 Bridwell Lane. As set forth in the Court's Order, the opening in the fence means that Plaintiff was not forced to step over the silt fence on her way to 1646 Bridwell Lane because

she could have walked through the opening. Accordingly, the Court declines to alter or amend its previous order.

## **CONCLUSION**

For the reasons stated herein, it is **ORDERED** that Plaintiff's motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 24, 2018**
**Charleston, South Carolina**